UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Robert Trevor Gaye, | ) | Case # 6:20-bk-04307-LVV |
| | ) | Chapter 7 |
| _____ Debtor. _____ | ) | |

### CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III ) OTHER RELIEF

Lori Patton (the "Trustee"), duly appointed Chapter 7 Trustee for the above referenced debtor (the "Debtor") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests.  In support thereof, the Trustee respectfully states as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3.      The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

### BACKGROUND

4.      On July 31, 2020 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5.      Lori Patton is the duly appointed and qualified Chapter 7 Trustee.

6.      The Trustee held and concluded the 341 meeting of creditors on September 14, 2020.

7.     The Debtor scheduled a 100% ownership interest in the real property located at 8809 SOUTHERN BREEZE DR ORLANDO, FL 32836 (the "Property") and legally described as follows:

Lot 40, of ESTATES AT PHILLIPS LANDING DR. PHILLIPS, FLORIDA, according to the map or plat thereof, as recorded in Plat Book 36, Pages 89 through 91, of the Public Records of Orange County, Florida

8.     The Debtor scheduled the Property as having a value of $2,000.000.00 subject to a mortgage in favor of Select Portfolio Servicing (SPS) (the "Secured Creditor(s)") in the amount owed on the Petition Date of approximately $1,285,538.00. The Debtor listed a junior lien on Schedule D in favor of Regions Bank of approximately $393,875.00.

9.     The Trustee, after reviewing certain materials, including (without limitation) the sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Century 21 Carioti (the "Listing Agent"), has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

    a.   sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

    b.   release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

    c.   agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

10.    The Secured Creditor has represented and warranted that it possesses a valid,

perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the Official County Records. (the "Secured Creditor Indebtedness").

## RELIEF REQUESTED

11.    The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests.  As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this case to be paid and provide a recovery for other creditors.  The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

## BASIS FOR RELIEF

### A.    The Sale of the Property Should Be Approved

12.    The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

13.    Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business

justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008). Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

14. The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the Bankruptcy Estate of $96,200.00. Attached as Exhibits "A" and "B" respectively are the settlement statement and letter of consent/approval from the Secured Creditor.

15. Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

B. **The Sale of the Property Should Be Approved Free and Clear of All Interests**

16. Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

17. The Trustee states that she shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditor consents to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

18.    The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[1]  Failure to object after proper notice and opportunity to object is deemed consent.  *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012 WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

19.    Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or her professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments she deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

20.    The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing price pursuant to Florida Statue Sections 201.01 and 201.02; (4) the carve out to the Trustee.  Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the

---

[1] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

Secured Creditor's liability for any fees and costs under applicable law.

        C.      **The Sale Will Be Undertaken by the Buyer in Good Faith**

      21.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

      24.     The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

      22.     The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

      23.     The Trustee further states that:

          (a)     the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

          (b)     the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims

to be filed in this case are both unknown and can only be estimated at this time; and

(c)    Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

24.    The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents she deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

### CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for such other and further relief as this Court deems just and equitable under the circumstances of the case.

Under penalty of perjury, I have read the foregoing Motion and it is true and correct to the best of my knowledge information and belief.  I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished via first-class United States Mail, postage prepaid, or via electronic file transfer this February 12, 2021 to: Robert Trevor Gaye, 7219 Regina Way, Orlando, FL 32819; Frank M Wolff, 111 N Magnolia Ave**,** Ste 1400, Orlando, FL 32801; creditors listed on the attached matrix; and the United States Trustee, 400 W. Washington St., Suite 1100, Orlando, FL 32801.

/s/ Lori Patton
Lori Patton, Trustee
PO Box 520547
Longwood, FL 32752
Phone: (407) 937-0936

Label Matrix for local noticing
113A-6
Case 6:20-bk-04307-LVV
Middle District of Florida
Orlando
Fri Feb 12 10:52:24 EST 2021

Robert Trevor Gaye
7219 Regina Way
Orlando, FL 32819-5219

ARI hetra
4119 Binion Way
Lebanon, OH 45036-9336

CL45 MW Loan 1, LLC
3144 S. Winton Road
Rochester, NY 14623-2981

CL45 MW Loan 1, LLC
Dept. 5670
PO Box 4110
Woburn, MA 01888-4110

EBITDA, LLC
700 Melrose Ave, K41
Longwood, FL 32779

Internal Revenue Service
Centralized Insolvency Ops
PO Box 7346
Philadelphia, PA 19101-7346

Jacobus Energy, Inc.
c/o Kevin P. Robinson, Esq.
315 E Robinson St., Ste 600
Orlando, FL 32801-4341

Orlando Truck Parts
9633 Oak Crossing Rd
Orlando, FL 32837-8489

Prater Radiator
1032 W Michigan St
Orlando, FL 32805-5447

Stephen F Forman, Trustee
Stephen F Foreman Revocable Trus
2211 Lee Road, Suite 100
Winter Park, FL 32789-1849

Frank M Wolff +
Latham, Luna, Eden & Beaudine, LLP
Post Office Box 3353
Orlando, FL 32802-3353

Lindsey A Savastano +
Frenkel Lambert Weiss Weisman & Gordon
One East Broward Boulevard, Suite 1111
Ft. Lauderdale, FL 33301-1894

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

End of Label Matrix
Mailable recipients    13
Bypassed recipients     0
Total                  13

Ocean Title LLC
1095 Broken Sound Pkwy NW
Ste 100
Boca Raton, FL 33487
(866) 202-8200


EXHIBIT "A"

ALTA Combined Settlement Statement

| | | | |
|---|---|---|---|
| File #: | OT-298 | Property | 8809 Southern Breeze Drive |
| Prepared: | 02/11/2021 | | Orlando, FL 32836 |
| Escrow Officer: | Joshua M. Liszt Esq. | Buyer | Maurice McCall Vick, III |
| | | | 4660 New Broad Street |
| | | | Orlando, FL 32814 |
| | | Seller | Lori Patton, as Trustee for |
| | | | the Bankruptcy Estate of |
| | | | Robert Gaye |
| | | | P.O. Box 520547 |
| | | | Longwood, FL 32725 |
| | | Lender | |

Settlement Date 04/07/2021
Disbursement Date 04/07/2021

| Seller Debit | Seller Credit | | Buyer Debit | Buyer Credit |
|---|---|---|---|---|
| | | **Primary Charges & Credits** | | |
| | $1,605,000.00 | Sales Price of Property | $1,605,000.00 | |
| | | Deposit | | $15,500.00 |
| | | Loan Amount | | $1,284,000.00 |
| | | | | |
| | | **Prorations/Adjustments** | | |
| $5,043.57 | | County Taxes 01/01/2021 to 04/07/2021 | | $5,043.57 |
| | $1,588.06 | HOA Maintenance 04/07/2021 to 12/31/2021 | $1,588.06 | |
| $5,485.00 | | Title Policy Adjustment | | $5,485.00 |
| | | | | |
| | | **Payoffs/Payments** | | |
| $1,391,205.27 | | Payoff to SPS | | |
| $38,000.00 | | Payoff to Regions Mortgage | | |
| | | | | |
| | | **Government Recording and Transfer Charges** | | |
| $27.00 | | Recording Fees | $200.00 | |
| | | ---Deed: $27.00 | | |
| | | ---Mortgage: $200.00 | | |
| $11,235.00 | | Documentary Stamp Tax (State Deed Taxes) to Official Records Department | | |
| | | Documentary Stamp Tax (State Security Instrument Taxes) to Official Records Department | $4,494.00 | |
| $9.00 | | E-Recording Fee to Simplifile | $4.50 | |
| | | Intangible Tax (State Security Instrument Taxes) to Official Records Department | $2,568.00 | |
| $100.00 | | MTS/QCD Recording Fee to Official Records Department | | |
| | | | | |
| | | **Commissions** | | |
| $64,200.00 | | Listing Agent Commission to Century 21 Carioti | | |
| $32,100.00 | | Selling Agent Commission to Premier Sotheby's International Realty | | |
| | | | | |
| | | **Title Charges** | | |
| | | Title - Lender's Title Policy to Fidelity National Title Insurance Company | $6,498.75 | |
| $350.00 | | Title- Abstract/Commitment Fee to Fidelity National Title Insurance Company | | |
| | | Title- Courier/Mailing Fee to FedEx / Ocean Title LLC (reimb.) | $58.00 | |
| | | Title- CPL Fee to Ocean Title LLC | $175.00 | |
| $495.00 | | Title- Document Preparation Fee to Ocean Title LLC | | |

| Seller | | | Buyer | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| $350.00 | | Title- Exam Fee to Ocean Title LLC | | |
| | | Title- Mobile Notary Closer Fee (If App) to Sign X / Ocean Title LLC (reimb.) | $160.00 | |
| $1,295.00 | | Title- Settlement/Closing Fee to Ocean Title LLC | $1,295.00 | |
| | | Title- Wire Fee (4 IN/ 2 OUT) to TD Bank / Ocean Title LLC (reimb.) | $60.00 | |
| $1,102.50 | | Title - Owner's Title Policy to Fidelity National Title Insurance Company | | |
| | | | | |
| | | **Miscellaneous Charges** | | |
| $20,700.72 | | 2020 Real Estate Property Taxes DUE to Orange County Tax Collector | | |
| $32,000.00 | | Bankruptcy Estate Fee to Lori Patton, as Trustee for the Bankruptcy Estate of Robert Gaye | | |
| | | Buyer's Premium Fee to Lori Patton, as Trustee for the Bankruptcy Estate of Robert Gaye | $64,200.00 | |
| $2,490.00 | | HOA Outstanding Balance Due/ Estoppel Request Fee to Phillips Landing Master Community Association, Inc. | | |
| | | HOA Transfer Fee to Artemis Lifestyles | $200.00 | |
| $400.00 | | Municipal Lien Search Fee to Vendor | | |
| | | Survey Fee, Plot Plan (Estimate) to Vendor | $375.00 | |
| | | | | |
| Seller | | | Buyer | |
| Debit | Credit | | Debit | Credit |
| $1,606,588.06 | $1,606,588.06 | Subtotals | $1,686,876.31 | $1,310,028.57 |
| | | Due from Buyer | | $376,847.74 |
| | $0.00 | Due from Seller | | |
| $1,606,588.06 | $1,606,588.06 | Totals | $1,686,876.31 | $1,686,876.31 |

**See signature addendum**

# Signature Addendum

**Acknowledgement**

We/I have carefully reviewed the Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the Settlement Statement.

We/I authorize Ocean Title LLC to cause the funds to be disbursed in accordance with this statement.

_____   Date     _____   Date
Maurice McCall Vick, III                                 Lori Patton, as Trustee for the Bankruptcy Estate of Robert Gaye

_____   Date
Settlement Agent

Produced by Ocean Title LLC
Using Qualia

EXHIBIT "B"

**Regions Bank**
Collections Center
P.O. Box 11407
Birmingham, AL 35246

 REGIONS

**February 9, 2021**

**Robert Gaye**
**8809 Southern Breeze Dr**
**Orlando, Fl. 32836**

Re: Account ending in **7088**

Dear Mr. Gaye:

This letter is to acknowledge that there is an outstanding debt owed in connection with the above-referenced account. Regions Bank agrees to accept a lump-sum payment in the amount of **$38,000.00** as a final settlement of the total outstanding debt owed in connection with the above referenced account ("Final Settlement Amount"). In consideration of said settlement, we ("Regions") agree to record a release only of lien against the collateral located **8809 Southern Breeze Dr Orlando, Fl. 32836 (ESTATES AT DR PHILLIPS LANDING DR PHILLIPS FLORIDA 36/89 LOT 40 SEE 5311/84**). Please be advised that this offer is valid until **February 28, 2021** and may thereafter be withdrawn without further notice to you ("Deadline").

Please be advised that once we have received the Final Settlement Amount, consistent with our obligation under the Fair Credit Reporting Act (FCRA), Regions Bank will report to the various credit reporting agencies that the debt has been settled for less than the balance owed.

Should you wish to accept this offer, please make payment by the Deadline by phone, wire transfer, or mail as follows:

**By telephone:** 1-800-289-6720

**By wire transfer:** Regions Bank, Collections Center, Account No.:

**By mail** (cashier's or personal check only): Collections Center, P.O. Box 11407 Birmingham, Alabama 35246

Sincerely,

Brian J. Donahue – Asst. V.P.

Regards